## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**SAMUEL M. EINHORN, and**
**MARC A. SCHWARTZ, on behalf of**
**themselves and others similarly situated,**

        **Plaintiffs,**

**v.**

**GREENWOOD GAMING AND**
**ENTERTAINMENT, INC. D/B/A PARX**
**CASINO,**

        **Defendant.**

**CIVIL ACTION**

**CASE NO. _____**

**CLASS/COLLECTIVE ACTION**

**JURY TRIAL DEMANDED**

*ELECTRONICALLY FILED*

## CLASS AND COLLECTIVE ACTION COMPLAINT

Samuel M. Einhorn and Marc A. Schwartz ("Plaintiffs"), on behalf of themselves and others similarly situated, bring this Class and Collective Action Complaint against Greenwood Gaming and Entertainment, Inc. d/b/a Parx Casino ("Defendant"), and hereby state and allege as follows:

## INTRODUCTION

1.    Plaintiffs and other similarly situated employees work or worked for Defendant, a casino located in Bensalem, Pennsylvania.

2.    Pursuant to its casino-wide policies and procedures, Defendant failed to pay Plaintiffs, and other similarly situated employees, the mandated federal and state minimum wage rate for all hours worked and overtime for all hours worked over 40 in a single workweek.

3.    Specifically, Defendant failed to properly inform its tipped employees of the required tip credit provisions prior to paying a sub-minimum direct cash wage.

4.    Defendant's systemic violation of federal and state wage laws was willful.

1

5.      Plaintiffs, on behalf of themselves and others similarly situated, bring this lawsuit as: (a) a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, to recover unpaid minimum and overtime wages owed to Plaintiffs and other similarly situated workers employed by Defendant; and (b) a Rule 23 class action under Pennsylvania state law, including the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq.*, and Pennsylvania's Wage Payment and Collection Law ("WPCL"), 43 P.S. §§ 260.1, *et seq.*

## JURISDICTION AND VENUE

6.      Federal question jurisdiction over the FLSA claims of Plaintiffs and others similarly situated is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

7.      Supplemental jurisdiction over the state law claims of Plaintiffs and others similarly situated is based on 28 U.S.C. § 1367, in that the state law claims are so related to the FLSA claims that they form part of the same case and controversy.

8.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

9.      Plaintiff Einhorn is a resident of Marlton, New Jersey (Burlington County).

10.      From approximately July 2010 through May 2019, Plaintiff Einhorn was employed by Defendant at the casino property located at 2999 Street Road, Bensalem, Pennsylvania 19020.  During his employment, Plaintiff Einhorn worked as a Table Games Dealer, which was an hourly, non-exempt position.  Plaintiff Einhorn's Consent to Be a Party Plaintiff pursuant to 29 U.S.C. § 216(b) is attached hereto as Exhibit A.

2

11.    Plaintiff Schwartz is a resident of Philadelphia, Pennsylvania (Philadelphia County).

12.    From approximately March 2011 through December 2019, Plaintiff Schwartz was employed by Defendant at the casino property located at 2999 Street Road, Bensalem, Pennsylvania 19020.  During his employment, Plaintiff Schwartz worked as a Table Games Dealer, which was an hourly, non-exempt position.  Plaintiff Schwartz's Consent to Be a Party Plaintiff pursuant to 29 U.S.C. § 216(b) is attached hereto as Exhibit B.

13.    Defendant is a corporation organized under the laws of the State of Delaware, with its principal place of business located in the State of Pennsylvania.  Defendant is registered to do business and does conduct business in the State of Pennsylvania.

14.    At all relevant times, Defendant is or has been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. § 203(s)(1), and, upon information and belief, has had an annual gross volume of sales made or business done of not less than $500,000.

15.    At all relevant times, Defendant was the employer of Plaintiffs, and all other similarly situated employees.

16.    At all times relevant to this action, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

17.    Plaintiffs and all similarly situated employees are non-exempt, hourly employees who work or worked for Defendant within the respective limitations period.

## OVERVIEW OF PLAINTIFFS' CLAIMS

### Overview of Defendant's Violation of the Tip Credit Notice Provisions

#### *FLSA Requirements*

18.    Under the FLSA, an employer may, in certain circumstances, take a "tip credit" toward its federal minimum wage obligations for tipped employees.  Pursuant to the explicit language of the FLSA, a tip credit may not be taken "with respect to any tipped employee unless such employee has been informed by the employer of the provisions of [29 U.S.C. § 203(m)], and all tips received by such employee have been retained by the employee, except that this subsection shall not be construed to prohibit the pooling of tips among employees who customarily and regularly receive tips."  29 U.S.C. § 203(m)(2).

19.    The federal regulations expand on the language of the FLSA by explaining as follows:

> [A]n employer is not eligible to take the tip credit unless it has informed its tipped employees in advance of the employer's use of the tip credit of the provisions of section 3(m) of the Act, i.e.: [1] The amount of the cash wage that is to be paid to the tipped employee by the employer; [2] the additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by the employer, which amount may not exceed the value of the tips actually received by the employee; [3] that all tips received by the tipped employee must be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and [4] that the tip credit shall not apply to any employee who has not been informed of these requirements in this section.

29 C.F.R. § 531.59(b).

20.    Defendant employs Plaintiffs and other similarly situated tipped employees and pays them a direct cash wage that is less than the FLSA's federal minimum wage ($7.25 per hour) but failed to properly notify them of the tip credit requirements of the FLSA.  Despite this violation of the FLSA's tip credit notice provisions, Defendant has taken a tip credit toward its

obligations to pay the federal minimum wage to Plaintiffs and all other similarly situated tipped employees.

21.     Specifically, Plaintiffs and other similarly situated employees are not informed, in advance of Defendant's use of the tip credit, of: (1) the additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by Defendant, which amount may not exceed the value of the tips actually received the employee; (2) that all tips received by the tipped employee must be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and (3) that the tip credit shall not apply to any employee who has not been informed of these requirements in this section.

22.     Likewise, when Defendant changes the amount of the tip credit they claim against their obligation to pay Plaintiffs and other similarly situated employees the FLSA's required minimum wage, Defendant does not inform Plaintiffs and other similarly situated employees of the change in the amount of the tip credit claimed.

23.     Defendant's FLSA violations alleged herein were willful in that Defendant either knew of the specific FLSA requirements and prohibitions at issue at the time of the alleged violations and intentionally did not comply with them, or showed reckless disregard for the matter of whether its conduct violated the FLSA.

24.     As a result of Defendant's above-described FLSA violations, Plaintiffs and other similarly situated employees are entitled to recover from Defendant the amount of the sum of (1) the tip credit taken (*i.e.*, the difference between the direct cash wage and the required federal minimum wage), which is the amount of the unpaid minimum wages, (2) an additional equal amount as liquidated damages, and (3) a reasonable attorneys' fee and costs of this action.

*__Pennsylvania's Requirements__*

25.     Under the PMWA, an employer may, in certain circumstances, take a "tip credit" toward its state minimum wage obligations for tipped employees.  Pursuant to the explicit language of the PMWA, a tip credit may not be taken "with respect to any tipped employe[e] unless: (1) [s]uch employe[e] has been informed by the employer of the provisions of [43 P.S. § 333.103(d)]; (2) [a]ll tips received by such employe[e] have been retained by the employe[e] … except that this subsection shall not be construed to prohibit the pooling of tips among employe[e]s who customarily and regularly receive tips."  43 P.S. § 333.103(d).

26.     43 P.S. § 333.103(d) provides in relevant part: "In determining the hourly wage an employer is required to pay a tipped employe[e], the amount paid such employe[e] by his or her employer shall be an amount equal to: (i) the cash wage paid the employe[e] which for the purposes of the determination shall be not less than the cash wage required to be paid the employe[e] on the date immediately prior to the effective date of this subparagraph; and (ii) an additional amount on account of the tips received by the employe[e] which is equal to the difference between the wage specified in subparagraph (i) and the wage in effect under section 4 of this act.  The additional amount on account of tips may not exceed the value of tips actually received by the employe[e]."

27.     In addition, Pennsylvania law mandates that "[t]he amount per hour which the employer takes as a tip credit shall be reported to the employee in writing each time it is changed from the amount per hour taken in the preceding week." 34 Pa. Code § 231.34.

28.     Defendant employs Plaintiffs and other similarly situated tipped employees and pay them a direct cash wage that is less than the PMWA's state minimum wage ($7.25 per hour) but failed to properly notify them of the tip credit requirements of the PMWA.  Despite this

violation of the FLSA's tip credit notice provisions, Defendant has taken a tip credit toward its obligations to pay the state minimum wage to Plaintiffs and all other similarly situated tipped employees.

29.     Specifically, Plaintiffs and other similarly situated employees are not informed, in advance of Defendant's use of the tip credit, of the additional amount by which their wages are increased on account of the tip credit claimed by Defendant, and that such amount may not exceed the value of the tips actually received by them.

30.     Likewise, Defendant does not report, in writing, to Plaintiffs and other similarly situated employees, the amount per hour which it claims as a tip credit against its obligation to pay the PMWA's required state minimum wage each time it is changed from the amount per hour taken in the preceding week.

31.     Defendant's PMWA's violations alleged herein were willful in that Defendant either knew of the specific PMWA requirements and prohibitions at issue at the time of the alleged violations and intentionally did not comply with them, or showed reckless disregard for the matter of whether its conduct violated the PMWA.

32.     As a result of Defendant's above-described PMWA's violations, Plaintiffs and other similarly situated employees are entitled to recover from Defendant the amount of the sum of (1) the tip credit taken (*i.e.*, the difference between the direct cash wage and the required state minimum wage), which is the amount of the unpaid minimum wages, and (2) a reasonable attorneys' fee and costs of this action.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

33.     Plaintiffs re-allege the allegations set forth above.

34.     Plaintiffs bring Count I, the FLSA claim arising out of Defendant's violation of the FLSA's tip credit notice provisions, as an "opt in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of themselves and the following collective action class:

      a.    **FLSA Unlawful Tip Credit Notice Policy Collective:** All persons currently or formerly employed by Defendant in tipped hourly positions and paid a direct cash wage that is below $7.25 per hour at any time from three (3) years prior to the filing of the Class and Collective Action Complaint to the present.

35.     Plaintiffs' FLSA claim (Count I) may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

36.     Plaintiffs, on behalf of themselves and others similarly situated, seek relief on a collective basis challenging Defendant's above-described FLSA violations.  The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from Defendant's records, and potential opt-in plaintiffs may easily and quickly be notified of the pendency of this action.

37.     Plaintiffs bring Count II, the PMWA claim arising out of Defendant's violation of the PMWA's tip credit notice provisions, as a class action under Fed. R. Civ. P. 23, on behalf of themselves and the following class:

      a.    **PMWA Unlawful Tip Credit Notice Policy Class:**  All persons currently or formerly employed by Defendant in tipped hourly positions and paid a direct cash wage that is below $7.25 per hour at any time from three (3) years prior to the filing of the Class and Collective Action Complaint to the present, within the State of Pennsylvania.

8

38.     Plaintiffs bring Count III, the WPCL claim arising out of Defendant's failure to pay all compensation due and owing on their regular payday, as a class action under Fed. R. Civ. P. 23, on behalf of themselves and the following class:

b.      **WPCL Unpaid Compensation Class:**  All persons currently or formerly employed by Defendant in tipped hourly positions and paid a direct cash wage that is below $7.25 per hour at any time from three (3) years prior to the filing of the Class and Collective Action Complaint to the present, within the State of Pennsylvania.

39.     Plaintiffs bring Count IV, the Pennsylvania common law breach of contract claim, as a class action under Fed. R. Civ. P. 23, on behalf of themselves and the following class:

a.      **Pennsylvania Breach of Contract Class:**   All persons currently or formerly employed by Defendant in hourly positions at any time from four (4) years[1] prior to the filing of the Class and Collective Action Complaint to the present, within the State of Pennsylvania.

40.     Plaintiffs bring Count V, the Pennsylvania common law unjust enrichment claim, as a class action under Fed. R. Civ. P. 23, on behalf of themselves and the following class:

a.      **Pennsylvania Unjust Enrichment Class:** All persons currently and formerly employed by Defendant in hourly positions who worked at any

---

[1] Plaintiffs' Pennsylvania common law breach of contract claim is subject to a four (4) year statute of limitations.  *See Caucci v. Prison Health Services, Inc.*, 153 F.Supp.2d 605, 612 (E.D. Pa. 2001).

time from four (4) years[2] prior to the filing of the Class and Collective

Action Complaint to the present, within the State of Pennsylvania.

41.    Plaintiffs' PMWA claim (Count II), WCPL claim (Count III), breach of contract

claim (Count IV), and unjust enrichment claim (Count V), described in detail below, satisfy the

numerosity, commonality, typicality, adequacy, and superiority requirements of a class action

pursuant to Fed. R. Civ. P. 23.

42.    These classes each number, at least, in the hundreds and likely thousands of

persons.  As a result, joinder of all class members in a single action is impracticable.  Class

members may be informed of the pendency of this action through regular mail, e-mail, and/or

posting of an approved notice.

43.    There are common questions of fact and law to the classes that predominate over

any questions affecting only individual class members.  The questions of law and fact common

to the classes arising from Defendant's actions include, without limitation, the following:

   a.    Whether Defendant violated the FLSA, PMWA, and/or WPCL when it

          failed to pay Plaintiffs and class members for all hours worked;

   b.    Whether Defendant failed to pay Plaintiffs and class members overtime

          compensation required under the FLSA, PMWA, and WPCL;

   c.    Whether Defendant breached its contracts with Plaintiffs and class

          members;

   d.    Whether Defendant was unjustly enriched by virtue of its policies and

          practices with respect to Plaintiffs' and class members' pay; and

---

[2] Plaintiffs' Pennsylvania common law unjust enrichment claim is subject to a four (4) year statute of limitations. *See Martin v. Ford Motor Co.*, 765 F. Supp. 2d 673, 685 (E.D. Pa. 2011).

e.    Whether Defendant willfully violated the FLSA, PMWA, and/or WPCL.

44.    The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

45.    Plaintiffs' claims are typical of those of the respective classes in that class members have been employed in the same or similar positions as Plaintiffs and were subject to the same or similar unlawful practices as Plaintiffs.

46.    A class action is the superior method for the fair and efficient adjudication of Plaintiffs' claims. Defendant has acted or refused to act on grounds generally applicable to the classes. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of class members to protect their interests.

47.    Plaintiffs are adequate representatives because they are members of each of the classes they seek to represent, and their interests do not conflict with the interests of the members of those classes. The interests of the members of the classes will be fairly and adequately protected by Plaintiffs and their undersigned counsel, who are experienced prosecuting complex wage and hour, employment, and class action litigation.

48.    Maintenance of this action as a class action is a fair and efficient method for adjudication of this controversy. It would be impracticable and undesirable for each member of the classes who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result

in consistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

## ALLEGATIONS APPLICABLE TO THE FLSA CLAIM (COUNT I)

49.     At all times material herein, Plaintiffs and all others similarly situated have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq*.

50.     The FLSA regulates, among other things, the payment of minimum wage and overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 206(a); 29 U.S.C. § 207(a)(1).

51.     Defendant is subject to the minimum wage and overtime pay requirements of the FLSA because they are enterprises engaged in interstate commerce and its employees are engaged in commerce.

52.     During all relevant times to this action, Defendant was the "employer" of Plaintiffs and all similarly situated employees within the meaning of the FLSA. 29 U.S.C. § 203(d).

53.     During all times relevant to this action, Plaintiffs and all similarly situated employees were Defendant's "employees" within the meaning of the FLSA. 29 U.S.C. § 203(e).

54.     Plaintiffs and all similarly situated employees are covered, non-exempt employees within the meaning of the FLSA. Accordingly, Plaintiffs and all similarly situated employees must be paid minimum wage in accordance with 29 U.S.C. § 206.

55.     Pursuant to the FLSA, employees are also entitled to be compensated at a rate of not less than one and one-half times the regular rate at which such employees are employed for all work performed in excess of 40 hours in a workweek.  29 U.S.C. § 207(a).

56.     Although the FLSA contains some exceptions (or exemptions) from the minimum wage and overtime requirements, none of those exceptions (or exemptions) applies here.

57.     Plaintiffs and all similarly situated employees are victims of uniform compensation policies.

58.     Plaintiffs and all similarly situated employees are entitled to damages equal to the mandated minimum wage and overtime premium pay within the three (3) years preceding the filing of the initial Class and Collective Action Complaint, plus periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard of whether its conduct was prohibited by the FLSA.

59.     Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiffs and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages as described by Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b).  Alternatively, should the Court find Defendant acted in good faith or with reasonable grounds in failing to pay minimum wage and overtime compensation, Plaintiffs and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

60.     As a result of these violations of the FLSA's minimum wage and overtime pay provisions, compensation has been unlawfully withheld by Defendant from Plaintiffs and all similarly situated employees.  Accordingly, pursuant to 29 U.S.C. § 216(b), Defendant is liable

for the unpaid minimum wages and overtime premium pay along with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

### ALLEGATIONS APPLICABLE TO THE PMWA CLAIM (COUNT II)

61.     At all times relevant, Plaintiffs and the class members have been entitled to the rights, protections, and benefits provided under the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq*.

62.     The PMWA regulates, among other things, the payment of minimum wage and overtime wages by employers, subject to limited exceptions not applicable herein, and provide or have provided for during part or all of the applicable limitations period for a minimum wage consistent with that provided for under federal law.  43 P.S. §§ 333.104(a)-(c).

63.     The PMWA should be construed in accordance with its provisions and those of the FLSA.  *See Razak v. Uber Techs., Inc.*, No. 16-573, 2016 WL 5874822, at *7 (E.D. Pa. Oct. 7, 2016) ("Because the PMWA 'substantially parallels' the FLSA, federal courts are directed to interpretation of the FLSA when analyzing claims under the PMWA.").

64.     During all times relevant to this action, Defendant was the "employer" of Plaintiffs and the class members within the meaning of the PMWA.  43 P.S. § 333.103(g).

65.     During all times relevant to this action, Plaintiffs and the class members were Defendant's "employees" within the meaning of the PMWA.  43 P.S. § 333.103(h).

66.     Plaintiffs and the class members are covered, non-exempt employees within the meaning of the PMWA.  Accordingly, employees are entitled to be paid at least minimum wage for all hours worked in each workweek.  43 P.S. §§ 333.104(a)-(a.1).

67.     Pursuant to the PMWA, employees are also entitled to be compensated at a rate of not less than one and one-half times the regular rate at which such employees are employed for all work performed in excess of 40 hours in a workweek.  43 P.S. § 333.104(c).

68.     Although the PMWA contains some exceptions (or exemptions) from the minimum wage and overtime pay obligations, none of those exceptions (or exemptions) applies here.  43 P.S. § 333.105.

69.     Plaintiffs and the class members are victims of uniform and employer-based compensation policies.

70.     Plaintiffs and the class members are entitled to damages equal to all unpaid minimum and overtime wages due within three (3) years preceding the filing of this Class and Collective Action Complaint, plus periods of equitable tolling, less any amount actually paid to the employees by Defendant.  43 P.S. § 333.113.

71.     Plaintiffs and the class members are also entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

72.     Defendant is also liable to Plaintiffs and the class members for costs and reasonable attorney fees incurred in this action.  43 P.S. § 333.113.

### **COUNT I - FLSA (Unpaid Minimum Wages)**

### **Arising Out of Defendant's Tip Credit Notification Policy**

### **(Brought Against Defendant by Plaintiffs,**
### **On Behalf of Themselves and Others Similarly Situated)**

73.     Plaintiffs re-allege the allegations set forth above.

74.     Defendant violated the FLSA by failing to pay Plaintiffs and all others similarly situated minimum wages for all hours worked in a workweek.

75.     Specifically, Defendant paid Plaintiffs and others similarly situated below the federal minimum wage rate without complying with the "tip credit" rules required for an employer to pay less than the federal minimum wage.

76.     In particular, Plaintiffs and other similarly situated tipped employees were not informed, in advance of Defendant's use of the tip credit, of: (1) the additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by Defendant, which amount may not exceed the value of the tips actually received the employee; (2) that all tips received by the tipped employee must be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and (3) that the tip credit shall not apply to any employee who has not been informed of these requirements in this section.

77.     Defendant failed to comply with the notification requirements set forth within the express language of the FLSA and supporting federal regulations.  29 U.S.C. § 203(m)(2); 29 C.F.R. § 531.59(b).

78.     As Defendant has failed to properly inform Plaintiffs and other similarly situated tipped employees of the required tip credit provisions and are not entitled to claim a tip credit, Defendant has willfully violated state and/or federal law by failing and refusing to pay all federal minimum wages due and owing to Plaintiffs and all other similarly situated employees.

79.     Defendant's practice was to unlawfully and willfully fail to comply with the requirements for their entitlement to a tip credit and therefore, Plaintiffs and the similarly situated tipped employees were not properly paid federal minimum wages pursuant to the FLSA.

80.    WHEREFORE, on Count I of this Class and Collective Action Complaint, Plaintiffs and all similarly situated employees demand judgment against Defendant and pray this Court:

a.    Issue notice to all similarly situated employees of Defendant informing them of their right to file consents to join the FLSA portion of this action;

b.    Award Plaintiffs and all similarly situated employees damages for unpaid minimum wages under 29 U.S.C. § 216(b);

c.    Award Plaintiffs and all similarly situated employees liquidated damages under 29 U.S.C. § 216(b);

d.    Award Plaintiffs and all similarly situated employees pre-judgment and post-judgment interest as provided by law;

e.    Award Plaintiffs and all similarly situated employees attorneys' fees and costs under 29 U.S.C. § 216(b);

f.    Award Plaintiffs and all similarly situated employees such other relief as the Court deems fair and equitable.

## COUNT II - PMWA (Unpaid Minimum Wages)

### Arising Out of Defendant's Tip Credit Notification Policy

### (Brought Against Defendant by Plaintiffs, On Behalf of Themselves and Others Similarly Situated)

81.    Plaintiffs re-allege the allegations set forth above.

82.    Defendant violated the PMWA by failing to pay Plaintiffs and all others similarly situated minimum wages for all hours worked in a workweek.

83.     Specifically, Defendant paid Plaintiffs and others similarly situated below the state minimum wage rate without complying with the "tip credit" rules required for an employer to pay less than the state minimum wage.

84.     In particular, Plaintiffs and other similarly situated employees were not informed, in advance of Defendant's use of the tip credit, of the additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by Defendant, or that such amount may not exceed the value of the tips actually received the employee.

85.     Likewise, Defendant did not report, in writing, to Plaintiffs and other similarly situated employees, the amount per hour which it claimed as a tip credit against its obligation to pay the PMWA's required state minimum wage each time it was changed from the amount per hour taken in the preceding week.

86.     Defendant failed to comply with the notification requirements set forth within the express language of the PMWA and supporting regulations.  43 P.S. § 333.103(d); 34 Pa. Code § 231.34.

87.     As Defendant has failed to properly inform Plaintiffs and other similarly situated tipped employees of the required tip credit provisions and are not entitled to claim a tip credit, Defendant has willfully violated state law by failing and refusing to pay all state minimum wages due and owing to Plaintiffs and all other similarly situated employees.

88.     Defendant's practice was to unlawfully and willfully fail to comply with the requirements for their entitlement to a tip credit and therefore, Plaintiffs and the similarly situated tipped employees were not properly paid state minimum wages pursuant to the PMWA.

89.     WHEREFORE, on Count II of this Class and Collective Action Complaint, Plaintiffs and all similarly situated employees demand judgment against Defendant and pray this Court:

    a.    Certify the state law claim set forth in Count II above as a class action pursuant to Fed. R. Civ. P. 23;

    b.    Award Plaintiffs and class members damages for unpaid minimum wages under 43 P.S. § 333.113;

    c.    Award Plaintiffs and class members pre-judgment and post-judgment interest as provided by law; and

    d.    Award Plaintiffs' and class members' counsel attorneys' fees and costs as allowed by 43 P.S. § 333.113; and

    e.    Award Plaintiffs and the class members such other relief as the Court deems fair and equitable.

**<u>COUNT III – Wage Payment and Collection Law ("WPCL")</u>**

**Arising Out of Defendant's Failure to Pay Compensation
Due and Owing on Regular Paydays**

**(Brought Against Defendant by Plaintiffs,
on Behalf of Themselves and Others Similarly Situated)**

90.     Plaintiffs re-allege the allegations as set forth above.

91.     During all relevant times to this action, Defendant has employed, and/or continues to employ, Plaintiffs and class members within the meaning of Pennsylvania's Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.1, *et seq*.

92.     Pursuant to the WPCL, Plaintiffs and class members were entitled to receive all compensation due and owing to them on their regular payday.

93.    As a result of Defendant's unlawful policies, Plaintiffs and class members have been deprived of compensation due and owing.

94.    WHEREFORE, on Count III of this Class and Collective Action Complaint, Plaintiffs and the class members demand judgment against Defendant and pray this Court:

       a.     Certify the state law claim set forth in Count III above as a class action pursuant to Fed. R. Civ. P. 23;

       b.     Award Plaintiffs and class members damages for the total amount of wages due under 43 P.S. § 260.9a;

       c.     Award Plaintiffs and all similarly situated employees an additional amount of 25% of the total amount of wages due or five hundred dollars ($500), whichever is greater, as liquidated damages under 43 P.S. § 260.10;

       d.     Award Plaintiffs and class members pre-judgment and post-judgment interest as provided by law; and

       e.     Award Plaintiffs' and the class members' counsel attorneys' fees and costs as allowed by 43 P.S. § 260.9a; and

       f.     Award Plaintiffs and the class members such other relief as the Court deems fair and equitable.

## COUNT IV

**Unjust Enrichment Under Pennsylvania Common Law**

**(Brought Against Defendant by Plaintiffs,
on Behalf of Themselves and Others Similarly Situated)**

95.    Plaintiffs re-allege the allegations set forth above.

96.     Defendant benefited by failing to pay its employees for all hours worked at the legal and applicable wage rates set by state and/or federal law, thereby failing to pay all minimum wages and overtime wages in compliance with the law.

97.     Defendant was aware or should have been aware that they were receiving such benefits.

98.     Defendant accepted and retained such benefits under such circumstances that it is inequitable and unjust for Defendant to retain such benefits without paying fair compensation for the same.

99.     WHEREFORE, on Count IV of this Class and Collective Action Complaint, Plaintiffs and the class members demand judgment against Defendant and pray this Court:

      a.     Certify the state law claim set forth in Count IV above as a class action pursuant to Fed. R. Civ. P. 23;

      b.     Order Defendant to disgorge the value of its ill-gained benefits to Plaintiffs and the class members;

      c.     Award Plaintiffs and the class members pre-judgment and post-judgment interest as provided by law; and

      d.     Award Plaintiffs and the class members such other relief as the Court deems fair and equitable.

## COUNT V

**Breach of Contract Under Pennsylvania Common Law**

**(Brought Against Defendant by Plaintiffs,
on Behalf of Themselves and Others Similarly Situated)**

100.    Plaintiffs re-allege the allegations set forth above.

101.    Defendant entered into a contract with Plaintiffs and all similarly situated employees through which it agreed that employees would get paid an agreed-upon hourly rate for every hour worked during their employment.

102.    Defendant breached this contract by failing to pay Plaintiffs and all others similarly situated their agreed-upon hourly rate for every hour worked during their employment.

103.    Because of Defendant's breach, Plaintiffs and the class members have been damaged.

104.    WHEREFORE, on Count V of this Class and Collective Action Complaint, Plaintiffs and the class members demand judgment against Defendant and pray this Court:

      a.    Certify the state law claim set forth in Count V above as a class action pursuant to Fed. R. Civ. P. 23;

      b.    Order Defendant to pay Plaintiffs and the class members for the improperly withheld wages in violation of its contract;

      c.    Award Plaintiffs and the class members pre-judgment and post-judgment interest as provided by law; and

      d.    Award Plaintiffs and the class members such other relief as the Court deems fair and equitable.

## **JURY DEMAND**

Plaintiffs demand a jury trial as to all claims so triable.

Dated:  <u>March 24, 2020</u>           Respectfully submitted,

**WEISBERG CUMMINGS, P.C.**

<u>/s/ Derrek W. Cummings</u>
Derrek W. Cummings, Esq. (PA BAR 83286)
Larry A. Weisberg, Esq. (PA BAR ID 83410)
2704 Commerce Dr., Suite B
Harrisburg, Pennsylvania 17110-9380
Telephone:   (717) 238-5707
Facsimile:    (717) 233-8133
dcummings@weisbergcummings.com
lweisberg@weisbergcummings.com

**STUEVE SIEGEL HANSON LLP**

<u>/s/ George A. Hanson</u>
George A. Hanson, Esq. (*pro hac vice* forthcoming)
Alexander T. Ricke, Esq. (*pro hac vice* forthcoming)
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone:   (816) 714-7100
Facsimile:    (816) 714-7101
hanson@stuevesiegel.com
ricke@stuevesiegel.com

**McCLELLAND LAW FIRM**
*A Professional Corporation*

<u>/s/ Ryan L. McClelland</u>
Ryan L. McClelland, Esq. (*pro hac vice* forthcoming)
Michael J. Rahmberg, Esq. (*pro hac vice* forthcoming)
The Flagship Building
200 Westwoods Drive
Liberty, Missouri   64068-1170
Telephone:   (816) 781-0002
Facsimile:    (816) 781-1984
ryan@mcclellandlawfirm.com
mrahmberg@mcclellandlawfirm.com

**COUNSEL FOR PLAINTIFF**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 24, 2020, a true and correct copy of the foregoing document was filed electronically through the Court's CM/ECF system, and therefore, will be transmitted to all counsel of record by operation of the Court's CM/ECF system.


*/s/ Derrek W. Cummings*
Derrek W. Cummings, Esq.

**COUNSEL FOR PLAINTIFF**